IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSE IBARRA, #M-13620,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | )      **CASE NO. 11-cv-581-JPG** |
| | ) |
| **DR. MARY LOFTIN, NURSE SMITH,** | ) |
| **RANDY DECKER, C/O GRIFFIN,** | ) |
| **MAJ. ROUTIEN, COUNSELOR** | ) |
| **NEESE, and UNNAMED NURSES,** | ) |
| | ) |
|       **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

      Plaintiff Jose Ibarra, an inmate at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, for incidents that occurred while Plaintiff was incarcerated at Robinson Correctional Center ("Robinson").  Plaintiff is serving a nine year sentence for the manufacture and delivery of cocaine.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff's complaint names as Defendants Dr. Mary Loftin (Medical Doctor at Robinson), Nurse Smith (Medical Nurse at Robinson), Randy Decker (Correctional Counselor at Robinson), Correctional Officer Griffin, Major Routien, and "any and all John and Jane Doe Defendants whose names are unknown at this time."

Between July 8, 2010, and August 19, 2010, Plaintiff went to the Robinson Health Care Unit ("HCU") four times complaining about chest pains, stomach pain, nausea, headaches, aches in his bones, and vomiting (Doc. 1, p. 7). Unidentified nurses saw Plaintiff during this time and gave him cold pills and Tylenol (Doc. 1, p. 7). On August 31, 2010, Plaintiff was seen by Defendant Loftin, who ordered a blood test, ultrasound, and x-rays (Doc. 1, pp. 7-8). On September 29, 2010, Defendant was again seen by Defendant Loftin for fainting; she told Defendant that he was "fine" (Doc. 1, p. 8). After this visit, Plaintiff's symptoms escalated to include rectal bleeding and severe stomach pain, but he was given no pain medication (Doc. 1, p. 8). Plaintiff also requested a cancer screening because of his family history, but Defendant Loftin refused (Doc. 1, p. 8). Finally, on November 3, 2010, Defendant Loftin sent Plaintiff to Carle Hospital in Urbana, where tests revealed two tumors in Plaintiff's colon (Doc. 1, p. 8-9). On November 5, 2010, Plaintiff's tumors were removed in an emergency surgery (Doc. 1, p. 9).

Beginning in January, 2011, Plaintiff began complaining about "still having pains after the surgery" (Doc. 1, p. 10). On January 31 and February 4, Plantiff had blood tests, urine tests, and x-rays taken, and on February 4, 2011, he was kept in the health-care unit ("HCU") overnight for observation (Doc. 1, p. 10). The following morning (Feb. 5), Plaintiff claims that Defendants Smith and Routien came to HCU and "kicked [him] out", with Defendant Routien making "death threats, saying he could kill [Plaintiff] and no one would ever know" (Doc. 1, p. 10).

On March 17, 2011, Plaintiff passed out, dislocated his left shoulder, and injured his knee (Doc. 1, p. 11). He had previously complained of feeling faint, but had been ignored (Doc. 1, p. 11). On March 25, 2011, Plaintiff was sent to an outside hospital where he received testing for his shoulder and knee (Doc. 1, p. 11). On May 6, 2011, Defendant Loftin met with Plaintiff to

tell him he would need corrective surgery for his shoulder, "but not once did [he] receive any medication for [his] pain" (Doc. 1, p. 11). Plaintiff claims that he sent numerous grievances to Defendant Decker regarding Defendant Loftin's treatment, but that Defendant Decker "refus[ed] to thoroughly investigate" those grievances (Doc. 1, p. 12).

On May 17, 2011, Plaintiff was called by Defendant Neese to review a grievance he had written in Spanish regarding the death threats by Defendant Routien (Doc. 1, p. 11). Plaintiff alleges that at the meeting, Defendant Neese "said there was nothing she could do . . . tore [his] grievance up and told [him] that was it" (Doc. 1, p. 11). Plaintiff claims that Defendant Neese's only reason for treating him this way was because he did not have an interpreter.

Plaintiff requests an injunction ordering him to be sent to specialists to determine the exact cause of his medical problems. Plaintiff also seeks an unspecified amount of compensatory and punitive damages (Doc. 1, p. 15).

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into three (3) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Deliberate Indifference to Serious Medical Needs**

Plaintiff alleges that both before and after his surgery at Carle Hospital, Defendants Loftin, Smith, Griffin, and Routien violated his constitutional rights. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97,

104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). Further, a delay in providing medical treatment "may constitute deliberate indifference if the delay exacerbated the injury or

unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (discussing *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *Gayton v. McCoy,* 593 F.3d 610, 619 (7th Cir. 2010); *Edwards v. Snyder,* 478 F.3d 827, 832 (7th Cir. 2007) ("a plaintiff's receipt of *some* medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition")).

Finally, the Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff has alleged facts that suggest that both before and after his November 5, 2010, surgery, he was suffering from serious medical conditions. Before his colon surgery, Plaintiff complained of "rectal bleeding and severe stomach pains," which were likely being caused by two tumors. Following his surgery, Plaintiff further alleged a dislocated shoulder (resulting from a completely separate incident). Both of these conditions caused Plaintiff to suffer pain over a considerable period of time.

**A - Delay in Cancer Testing**

Plaintiff asserts that Defendant Loftin showed deliberate indifference to his medical needs by not testing for cancer on October 4, 2010. In order to meet the subjective prong of the deliberate indifference inquiry, Plaintiff must present sufficient facts to suggest that Defendant

Loftin's delay exacerbated his colon cancer or unnecessarily prolonged his pain. The Court cannot make a determination at this time concerning whether or not a one-month delay in treatment exacerbated Plaintiff's cancer or unnecessarily prolonged his pain. However, a factfinder could likely infer that Plaintiff's pain was largely unabated from as early as May 18, 2010, (when he arrived at Robinson) until November 5, 2010 (when the operation was performed).

Furthermore, Plaintiff alleges that Defendant Loftin's prescription of cold medication during the months preceding his operation exacerbated his cancer. The Court is unable to determine from Plaintiff's complaint whether such allegations are grounded in scientific evidence. At this stage, such allegations are sufficient to state a claim that Defendant Loftin was deliberately indifferent to Plaintiff's colon cancer.

### B - Refusal to Provide Pain Medication

Plaintiff claims that both before and after his November 5, 2010, surgery, Defendants Smith, Loftin, Routien, Griffin, and Unnamed Nurses showed deliberate indifference to the pain associated with his cancer and dislocated shoulder.

### Defendant Loftin

Plaintiff has alleged sufficient facts to suggest that Defendant Loftin showed deliberate indifference to his pain. Plaintiff repeatedly takes issue with being given cold medicine after bringing in complaints concerning chest and stomach pain. This course of action can at least lead to an inference that Defendant Loftin was prescribing cold medicine (and not pain medicine) in reckless disregard for Plaintiff's suffering. Plaintiff similarly asserts that Defendant Loftin was deliberately indifferent to the pain he suffered resulting from a dislocated shoulder. While

Defendant Loftin recognized that Plaintiff had a serious medical need requiring corrective surgery, she allegedly denied Plaintiff pain medication. Plaintiff's description of the above circumstances states an Eighth Amendment claim against Defendant Loftin that shall receive further review.

### Defendant Smith

However, Plaintiff has not pled sufficient facts to support the claim that Defendant Smith violated his constitutional rights. Plaintiff, when referring to his treatment, only once specifically mentions Defendant Smith by name. He states that Nurse Smith called Defendant Routien to his infirmary room, and that is when Defendant Routien threatened Plaintiff's life (Doc. 1, p. 10). This does not state a constitutional claim against Defendant Smith; so, since there are no other allegations against him/her, Defendant Smith shall be dismissed without prejudice.

### Defendant Unnamed Nurses

Plaintiff includes "all John and Jane Defendants whose names are unknown at this time" in the caption of his complaint. The only unknown parties Plaintiff mentions in conjunction with possible civil rights claims are nurses. He states that on two occasions in July 2010, he was given "cold pills" by unnamed nurses in response to his complaints of chest, stomach, and head pain. The second time he complained he also received a Tylenol. On two more occasions in August 2010, he visited the HCU with similar complaints and was sent back to his cell with no treatment. Again on October 5, 2010, Plaintiff went to HCU for rectal bleeding and pain in his stomach, but was refused pain medication and sent back to his housing unit.

This series of events in Summer and Fall 2010 could lead to an inference that whoever was denying Plaintiff pain medication was acting out of deliberate indifference. Where a

prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Therefore, Plaintiff's claim against Defendant Unnamed Nurses shall be allowed to proceed so that Plaintiff may ascertain the identity of these individuals.

### Defendants Routien and Griffin

At no point does Plaintiff mention Defendants Routien or Griffin in conjunction with his medical situation, nor does it appear that they are medical providers. In fact, Plaintiff's only allegation against Defendant Griffin in the entire complaint is that he "failed to provide Plaintiff with adequate and reasonable treatment." Such an allegation without any further explanation can only be seen as conclusory. As Plaintiff has not alleged sufficient facts to state a claim that Defendants Routien or Griffin were deliberately indifferent to his medical needs, the claim against these Defendants shall be dismissed without prejudice.

**Count 2 - Death Threat**

Plaintiff alleges that Defendant Routien violated his Eighth Amendment rights by making a death threat to him. In some circumstances, a threat may rise to the level of cruel and unusual punishment. *Dobbey v. Ill. Dept. of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009); *see, e.g., Irving v. Dormire*, 519 F.3d 442, 445, 449-50 (8th Cir. 2008) (pattern of conduct by defendant including allowing another inmate to attack plaintiff, offering to pay other inmates to beat him, providing a weapon to an inmate to use against plaintiff, and labeling plaintiff a "snitch," coupled with repeated verbal death threats, stated a claim); *Northington v. Jackson*, 973 F.2d 1518, 1523-24

(10th Cir. 1992) (prisoner's allegation that correctional officer put a gun to his head and threatened to shoot him stated Eighth Amendment claim); *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986) (defendant pointed gun at plaintiff, cocked it and threatened to shoot). However, an "idle and laughing threat," or verbal harassment alone, will not give rise to a constitutional claim. *See Northington*, 973 F.2d at 1524; *Dobbey*, 574 F.3d at 446 (brief display of noose by white guard during a card game in officers' control room, in view of African-American plaintiff, was not a credible threat to kill or injure plaintiff).

Courts must apply an objective standard to determine whether a particular threat, given all the circumstances, may amount to a constitutional violation. *Dobbey*, 574 F.3d at 445. The pertinent inquiry is whether a "reasonable" victim would fear for his or her life as a result of the threat; not whether this plaintiff experienced actual fear. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006)).

In the instant case, Plaintiff describes a single verbal threat by Defendant Routien, that Plaintiff could be killed by Defendant Routien and "no one would ever know." There is no allegation that Defendant Routien brandished or threatened to use a weapon against Plaintiff. Furthermore, Defendant Routien did not repeat his threat. These events do not constitute a continued threat or intimidation of constitutional dimension. The Court concludes that this isolated verbal threat, unaccompanied by any other indicia of violence, is not sufficient to cause a reasonable plaintiff the level of fear that would constitute cruel and unusual punishment. Thus, this claim shall be dismissed with prejudice.

**Count 3 - Due Process**

Plaintiff alleges that Defendant Counselor Neese,[1] by tearing up his grievance, and Defendant Decker, by failing to investigate grievances, both violated his due process rights. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Plaintiff makes no claim that Defendants Neese and Decker participated in any conduct other than the grievance procedures. While Defendant Neese's conduct may have offended Plaintiff, tearing up a grievance form does not amount to a cognizable constitutional violation. In Defendant Decker's case, his failure to thoroughly investigate all of Plaintiff's grievances similarly does not violate any of Plaintiff's due process rights. The Due Process Clause does not in any way guarantee to Plaintiff that his grievances will be adequately investigated by corrections department staff. Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and this claim shall be dismissed with prejudice.

---

[1] Although Plaintiff did not include Counselor Neese in the complaint's caption or in his list of Defendants, it appears he intended to assert a claim against this individual. Therefore, the Clerk shall be directed to add Counselor Neese as a Defendant in this action.

**Disposition**

The Clerk is **DIRECTED** to add **COUNSELOR NEESE** as a Defendant in this case.

**IT IS FURTHER ORDERED** that **COUNTS 2** and **3** fail to state a claim upon which relief may be granted and thus are **DISMISSED** with prejudice.  **DEFENDANTS DECKER** and **NEESE** are dismissed from this action with prejudice.  **DEFENDANTS SMITH, ROUTIEN,** and **GRIFFIN** are dismissed from this action without prejudice.  The claims in **COUNT 1** against **DEFENDANTS LOFTIN** and **UNNAMED NURSES** shall receive further consideration.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **LOFTIN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the **DEFENDANT UNNAMED NURSES** until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address

provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been

granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 21, 2012**

          *s/J. Phil Gilbert*
          **United States District Judge**