IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE IBARRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. **3:11-cv-00581-JPG-PMF** |
| | ) |
| DR MARY LOFTIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Defendant Nurse Croy, Donna Parker, and Kimberly Stephens' (Doc. 59) motion for summary judgment and Plaintiff Jose Ibarra's (Doc. 72) response thereto. For the following reasons, it is recommended that the (Doc. 59) motion for summary judgment be granted, in part, and denied, in part.

Ibarra filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 on July 5, 2011. He then filed an amended complaint on October 29, 2012. *See* Doc. 25. This lawsuit consists of a deliberate indifference to serious medical needs claim (cruel and unusual punishment clause of the Eighth Amendment to the U.S. Constitution) against Defendants Nurse Croy, Mary Loftin, Donna Parker, and Kimberly Stephens. *See* Docs. 10, 25.

Defendants Croy, Parker, and Stephens have moved for summary judgment on their affirmative defense of Ibarra's failure to exhaust administrative remedies prior to filing this lawsuit. *See* Doc. 59. Defendant Loftin does not join these Defendants in seeking dismissal on this theory. "A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." FED. R. CIV. P. 56(a).

1

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." *Id*. S*ee also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

The Prison Litigation Reform Act ("PLRA") provides as follows:

(a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a). Accordingly, all prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with a lawsuit. *See id*; *see also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The IDOC has a three-step process for non-emergency that prisoners under their jurisdiction are required to follow in order to exhaust administrative remedies. For the first step, the prisoner must first attempt to resolve the dispute through his or her grievance counselor. *See* 20 Ill.Admin.Code § 504.810. At step two, if the prisoner is unable to resolve the dispute through his or her counselor, the prisoner may file a written grievance with the Grievance Officer within sixty (60) days of discovery of the dispute. *See id*. The Grievance Officer then considers

2

the grievance and reports his or her findings and recommendations in writing to the Chief Administrative Officer ("CAO"). *See* 20 Ill.Admin.Code § 504.830. The third and final step of the exhaustion process is an appeal to the Administrative Review Board ("ARB"). After receiving a response from the CAO at step two, the prisoner has thirty (30) days from the date of the response to appeal to the ARB. *See* 20 Ill.Admin.Code § 504.850. With regard to prisoners under the control of the IDOC, administrative remedies may usually be deemed fully exhausted after the prisoner receives a copy of the ARB's decision at step three.

### A. Defendants Croy and Parker

The (Doc. 25) amended complaint covers a time period of approximately May 18, 2010, when Ibarra first arrived at Robinson Correctional Center ("Robinson"), to approximately November 8, 2010, when Ibarra received emergency surgery concerning tumors in his colon. Robinson is a correctional facility under the control of the Illinois Department of Corrections ("IDOC"). Specifically with regard to Defendants Croy and Parker, it is alleged that, on October 5, 2010, Ibarra complained to these Defendants about feeling faint, rectal bleeding, and stomach pain, but Defendants Croy and Parker would not prescribe medication and sent Ibarra back to his cell. *See* Doc. 25 at 4-5 ¶ 12.

In order for Ibarra to have exhausted his administrative remedies as to October 5, 2010 incident concerning Defendants Croy and Parker, he would have needed to file a grievance concerning the incident within 60 days, or by December 5, 2010. *See* 20 Ill.Admin.Code § 504.810. The undersigned has searched the record for grievances falling into this range and located two grievances dated October 28, 2010. *See* Docs. 60-1 at 1-2 (English version #M13620); 60-5 at 61 (Spanish version). However, neither of these grievances complain about an October 5, 2010 incident; both grievances concern a October 27, 2010 incident. *See id*. In

addition, the Defendants have submitted a copy of the counselors' grievance log, which is supported by the affidavit of Betsy Spiller (custodian of records). *See* Doc. 60-4. The grievance log does not indicate that Ibarra submitted a grievance concerning the October 5, 2010 incident in the relevant time period. *See id*. One entry dated November 22, 2010 (*see id*. at 8) appears to be related to the October 28, 2010 grievance (#M13620) complaining about the "Med line," which concerns the events of October 27, 2010. Considering the evidence most favorably for Ibarra, there does not appear to be a genuine issue of material fact as to whether he exhausted his administrative remedies concerning the October 5, 2010 incident. Accordingly, it will be recommended that Defendants Croy and Parker be dismissed.

    **B. Defendant Stephens**

Specifically with regard to Defendant Stephens, the (Doc. 25) amended complaint alleges that Ibarra informed Stephens of his medical condition of pain and rectal bleeding on October 27, 2010 and that Stephens responded by ordering that Ibarra receive one pill of Motrin. *See id.* at 5 ¶ 14. Further, it is alleged that, on the same day, Stephens told Ibarra that he could get more pills at night, but Ibarra was unable to get the pills at night because the nurses that came around to fill prescriptions did not have information concerning a prescription for Ibarra. *See id*.

In order for Ibarra to have exhausted his administrative remedies as to October 27, 2010 incident concerning Defendant Stephens, he would have needed to file a grievance concerning the incident within 60 days, or by December 27, 2010. *See* 20 Ill.Admin.Code § 504.810. The undersigned has already identified the October 28, 2010 grievances (#M13620) concerning the October 27, 2010 incident. *See supra* (Docs. 60-1 at 1-2; 60-5 at 61). The grievance complains generally about the conduct of "nurses" in responding to Ibarra's complaints about his medical

condition (s*ee* Doc. 60-1 at 1) and appears to be fully exhausted through step 3 of the administrative process (*see* Doc. 60-6 at 25-26).

The parties disagree as to whether Ibarra provided sufficient information to identify Defendant Stephens. This is a question of law that can be decided without an evidentiary hearing. Ibarra claims that he did know the identity of Defendant Stephens at the time the grievance was filed. Defendant Stephens argues that the IDOC regulations require Ibarra to provide "as much descriptive information about the individual as possible" if the name of the person being complained about is unknown. 20 Ill.Admin.Code § 504.810(b). Ibarra, quite astutely, points out that a grievance that could be denied for failure to comply with procedural requirement but is nonetheless considered on the merits is a valid exhaustion attempt for purposes of the PLRA. *See* Doc. 72 at 5. The Seventh Circuit considered this very question in *Maddox v. Love*, 655 F.3d 709 (7th Cir. 2011). In that case, the defendants argued, as Defendant Stephens argues here, that a prisoner failed to exhaust his administrative remedies because he did not name the defendants or describe them in his grievance. *See id*. at 721. Like this case, there was no debate in *Maddox* as to whether the prisoner had fully exhausted a grievance concerning an identifiable problem and no debate that the grievance was denied on the merits at every stage of that process. *See id*. at 721-22. S*ee also* Doc. 60-6 at 25-26 (ARB final determination letter and Grievance Officer's Report concerning the October 28, 2010 grievance (#M13620)). Because the prisoner's grievance had been rejected at every stage on the merits and there was no indication that the grievance was procedurally deficient, the Seventh Circuit held that the grievance constituted an appropriate exhaustion attempt for purposes of the PLRA. *See Maddox, 655 F.3d* at 722 (providing that where "prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of

5

alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense" and citing *Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004)). Here, like in *Maddox*, the October 28, 2010 grievance "served its function by providing prison officials a fair opportunity to address his complaint." *Id*. Accordingly, it will be recommended that the (Doc. 59) motion for summary judgment be denied as to Defendant Stephens.

<u>RECOMMENDATION</u>

For the forgoing reasons, it is recommended that the (Doc. 59) motion for summary judgment be granted, in part, and denied, in part, as follows:

1) It is recommended that the Court find that there is no genuine issue of material fact for an evidentiary hearing on the Defendants' affirmative defense of failure to exhaust administrative remedies;

2) It is recommended that the Court find that the Defendants Nurse Croy and Donna Parker have demonstrated by preponderance of the evidence that Plaintiff has failed to exhaust his available administrative remedies against them;

3) It is recommended that the Court find that the Defendant Kimberly Stephens has not demonstrated by preponderance of the evidence that Plaintiff has failed to exhaust his available administrative remedies against them; and

4) It is recommended that Defendants Nurse Croy and Donna Parker be dismissed from this lawsuit.

If these recommendations are adopted in their entirety, this case will proceed against Defendants Dr. Mary Loftin and Kimberly Stephens for deliberate indifference to serious medical needs.

**SO RECOMMENDED.**

**DATED: June 25, 2013.**

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE