IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSE IBARRA,

        Plaintiff,

vs.

DR. MARY LOFTIN, *et al.*,

        Defendants.

Case No. 11-cv-581-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 74) of Magistrate Judge Philip M. Frazier recommending that the Court grant in part and deny in part defendants Nurse Croy, Donna Parker, and Kimberly Stephens' (collectively "Defendants") motion for summary judgment (Doc 59). Specifically, the R & R recommends the motion for summary judgment be granted with respect to Croy and Parker and denied with respect to Stephens. Plaintiff Jose Ibarra filed an objection (Doc. 77) to the portion of the R & R recommending the Court grant summary judgment with respect to Stephens. For the following reasons, the Court adopts the R & R in its entirety.

**1. R & R Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or

only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court has received no objection to the portion of the R & R recommending that the motion for summary judgment be denied with respect to Stephens. The Court has reviewed that portion of the R & R and finds that it is not clearly erroneous. Accordingly, the Court adopts that portion of the R & R and denies summary judgment with respect to Stephens. The Court will now undertake a *de novo* review of the portion of the R & R recommending the Court grant summary judgment with respect to Croy and Parker.

**2. Background**

Ibarra, an inmate in the custody of the Illinois Department of Corrections ("IDOC") and currently incarcerated at Lawrence Correctional Center, brought this claim pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated at Robinson Correctional Center ("Robinson"). Specifically, he alleges Croy, Loftin, Parker and Stephens were deliberately indifferent to his serious medical need in violation of the Eighth Amendment to the Constitution. Loftin did not join the other defendants in the instant motion.

During his incarceration in IDOC, Ibarra began to experience various symptoms including stomach pain and rectal bleeding. He recounts numerous attempts to obtain treatment, but was only given cold pills, ibuprofen, or Prilosec. Ultimately, on November 2, 2010, Ibarra was taken to an outside hospital where a doctor discovered two tumors on Ibarra's colon. The outside medical provider performed emergency surgery on Ibarra on November 5, 2010.

The only event relevant to the instant analysis occurred on October 5, 2010, when Ibarra went to the health care unit complaining of faintness, rectal bleeding, and stomach pain. Parker

and Croy, nurses in Robinson's health care unit, declined to provide medication for Ibarra's pain and sent him back to his housing unit.

Parker and Croy filed a motion for summary judgment arguing Ibarra failed to exhaust his administrative remedies. The R & R recommends this Court grant the motion for summary judgment because there are no grievances concerning this October 5, 2010, incident within the time frame required by IDOC. Ibarra filed an objection arguing that he filed two grievances concerning the incident on March 8 and 28, 2011. The Court will now consider whether Parker and Croy are entitled to judgment as a matter of law.

### 3. Analysis

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material

fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

The Prison Litigation Reform Act requires that prisoners exhaust all administrative remedies prior to bringing a § 1983 prison conditions claim. 42 U.S.C. § 1997e(a). IDOC requires prisoners to engage in a three-step grievance process to fully exhaust administrative remedies. 20 Ill. Admin. Code § 504.810. In step one, the prisoner must attempt to resolve the grievance with a grievance counselor. 20 Ill. Admin. Code § 504.810(a). In step two, if the prisoner is unable to resolve the dispute at step one, the prisoner may file a written grievance with the grievance officer "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." *Id*. The third step requires the prisoner to submit the grievance to the Administrative Review Board. 20 Ill. Admin. Code § 504.850.

For Ibarra to properly exhaust administrative remedies, he had to file a grievance within 60 days of the October 5, 2010, incident with Croy and Parker. In that time range, there are only two grievances, both of which complain of an October 27, 2010, incident with Stephens. In his objection, Ibarra does not suggest that he filed a grievance concerning Croy and Parker within this 60-day time frame. Rather, he states he filed grievances concerning Croy and Parker on March 8 and 28, 2011, well beyond the 60 days he had to file a grievance. Accordingly, Ibarra failed to properly exhaust his administrative remedies with respect to the October 5, 2010, incident with Croy and Parker.

After a *de novo* review, the Court finds there is no genuine issue of material fact for an evidentiary hearing and Croy and Parker have demonstrated by a preponderance of the evidence that Ibarra failed to exhaust his administrative remedies against them.  As such, Croy and Parker are entitled to judgment as a matter of law.

4. **Conclusion**

For the foregoing reasons, the Court:

- **ADOPTS** the R & R (Doc. 74);

- **GRANTS in part and DENIES in part** Defendants' motion for summary judgment (Doc. 59) in that it (1) **GRANTS** the motion for summary judgment with respect to Croy and Parker; and (2) **DENIES** the motion for summary judgment with respect to Stephens; and

- **DISMISSES** Croy and Parker from this case.

Ibarra's deliberate indifference to his serious medical need claim remains pending against defendants Dr. Mary Loftin and Kimberly Stephens.

**IT IS SO ORDERED.**

**DATED:**  August 5, 2013

s/ J. Phil Gilbert<br>**J. PHIL GILBERT**<br>**DISTRICT JUDGE**